UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EASY PAY SOLUTIONS, INC., | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:24-cv-00085-SDN |
| JAMES TURNER, | ) ) ) | |
| Defendant | ) ) | |

**ORDER ON DISCOVERY ISSUE AND PENDING MOTIONS**

On November 5, 2024, the Court conducted a telephonic hearing on a discovery issue and related motions—Defendant's motion to amend the Scheduling Order (ECF No. 26) and Plaintiff's motion to compel the location of certain depositions. (ECF No. 27.)

**DISCUSSION**

**A.     Motion to Amend Scheduling Order**

Defendant contends that judicial economy militates in favor of a stay of the scheduling order deadlines until after the Court rules on Defendant's pending motion to dismiss/compel arbitration on Defendant's counterclaim.  Alternatively, Defendant asks the Court to extend the scheduling order deadlines.  Plaintiff acknowledges that given the delay in the depositions of the principals, which depositions are the subject of Plaintiff's motion to be addressed below, a modest extension of the deadlines is likely appropriate.

During the hearing, Plaintiff suggested that its request for arbitration included the counterclaim and its direct claim.  In the motion, however, Plaintiff move[d]

>this Court for an Order (1) dismissing Defendant's Counterclaim and (2) compelling Defendant to arbitrate so much of his claim for declaratory relief (First Cause of Action) and his breach of contract claim (Second Cause of Action) subject to the parties' valid binding arbitration agreement.

(Motion at 1.)

Plaintiff's motion to compel arbitration appears to be limited to Defendant's counterclaim. In its complaint, however, Plaintiff asks for an order compelling arbitration on its claim against Defendant. (Complaint at 8.) Despite Plaintiff's request for arbitration in the complaint, given the apparent limited scope of Plaintiff's motion to dismiss/compel arbitration, at least a portion of the case could proceed even after the Court rules on the motion to dismiss. Furthermore, any discovery conducted in this case would presumably be relevant the claims, if any, that are resolved in arbitration. The Court, therefore, does not believe a stay of discovery and/or of the scheduling order deadlines is warranted. The Court will modify the scheduling order to extend the deadlines, which modification will allow the parties to conduct discovery.

**B.  Motion to Compel Location of Depositions**

In its complaint, Plaintiff seeks a determination that its obligation to pay Defendant a portion of the revenues generated by Defendant's marketing efforts ends two years following the termination of the parties' written agreement. Plaintiff alleges that a written clarification of the agreement, upon which clarification Defendant in part relies for his assertion that Plaintiff's obligation continues for as long as the clients he secured conduct business with Plaintiff, is invalid. In his counterclaim, Defendant asks the Court to

determine that the clarification is valid and seeks to recover money Plaintiff failed to pay pursuant to the parties' agreement.

Plaintiff asks the Court to order Defendant, who resides in Oregon, to appear in Portland, Maine, for an in-person deposition and to require Defendant to conduct the deposition of Plaintiff's principal in Portland. Defendant contends Plaintiff's request is unreasonable particularly because recent practice has demonstrated that videoconference is an effective means of conducting a deposition.

"When the parties cannot agree on a location, 'courts retain substantial discretion to determine the site of a deposition.'" *Securities & Exchange Comm'n*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) (quoting *Lewis v. Madej*, 2016 WL 590236, 15cv2676 (DLC), at *3 (S.D.N.Y. Feb. 11, 2016)) ("Factors guiding the Court's discretion include the cost, convenience, and litigation efficiency of the designated location."); *Smith v. Shoe Show of Rocky Mount, Inc.*, 2001 WL 1757184, No. 00-30141-MAP, at 2–3 (D. Mass. Apr. 26, 2001); *SRH Holdings, LLC v. Gov't Emp. Ins. Co.*, 2024 WL 4608443, 23-10325-DJC, at *3 (D. Mass. Oct. 29, 2024).

As to the location of Defendant's deposition, Defendant bears "the burden of demonstrating good reason to override the examining party's choice of location." *Sau-Sea Foods, Inc. v. Lukas Foods, Inc.*, 2011 WL 5153574, at *1 (D. Me. Oct. 28, 2011) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed. 2010)). As the Court observed during the hearing, consistent with this rule, the Court typically respects the right of the examining party to designate the place of examination. However, "[w]hile the party noticing a deposition usually has the

3

right to choose the location, there is a rebuttable presumption that, absent special circumstances, the deposition of a defendant will be held where the defendant resides." *Securities & Exchange Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D. N.Y. 2017) (citations and internal quotation marks omitted); *see also Pinkham v. Paul*, 91 F.R.D. 613, 615 (D. Me. 1981) ("[C]ase law indicates that it will be presumed that the defendant will be examined at his [or her] residence or place of business or employment." (quoting 4A *Moore's Federal Practice* 26.70(1-3)); *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) ("Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. . . .Thus courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum."). The presumption applies "regardless of whether the defendant has asserted a counterclaim, provided it is a compulsory counterclaim." *Pinkham*, 91 F.R.D. at 615.

Plaintiff contends the presumption does not apply because Defendant chose to litigate his counterclaim in the District of Maine and his counterclaim is permissive, not compulsory. "The First Circuit has outlined four tests to determine whether a counterclaim is compulsory under [Federal Rule of Civil Procedure] 13(a):

(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

4

>    (3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
>
>    (4) Is there any logical relation between the claim and the counterclaim?"

*Eon Laboratories , Inc. v. Smithkline Beecham Corp.*, 298 F. Supp. 2d 175, 179 (D. Mass. Dec. 23, 2003) (citing *Iglesias v. Mutual Life Ins. Co.*, 156 F.3d 237, 241 (1st Cir. 1998)). A counterclaim need only satisfy one of the tests to be considered compulsory. *Id*.

Without a more developed record, the Court cannot definitively determine whether the counterclaim is compulsory or permissive. Based on the current record, however, and for purposes of this discovery issue, the Court finds Plaintiff's argument that the counterclaim is permissive to be unpersuasive. Because the parties' agreement and the validity of the clarification are central to the relief both parties seek in their affirmative claims, Defendant's counterclaim likely satisfies all four of the relevant tests. The Court, therefore, does not believe it reasonable for the Court's decision regarding the location of the depositions to be governed by the principles that might apply when a defendant files a permissive counterclaim.

Federal Rule of Civil Procedure 30 authorizes the Court to order that a deposition be conducted by remote means. Fed. R. Civ. P. 30(b)(4). Even before the COVID-19 pandemic, which caused many parties to agree to and courts to order remote depositions, courts recognized the efficiency and economic benefits of videoconference depositions. *See United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES,* 304 F.R.D. 10, 17-18 (D.D.C. 2014) (collecting cases). Plaintiff evidently prefers an in-person deposition in this case. The Court recognizes, as Plaintiff argued, that in some situations,

there are valid reasons for a party to prefer an in-person deposition. The Court will not prevent Plaintiff from conducting an in-person deposition. Consistent with the presumption that the deposition of a non-resident defendant is conducted at the defendant's residence or place of employment, however, Defendant, who did not choose the forum for this litigation, should not be required to bear the burden of Plaintiff's preference. Plaintiff may conduct Defendant's deposition in person in Oregon or remotely by videoconference.

Defendant noticed the deposition of Plaintiff's principal, Steven Goodrich, to be conducted by videoconference. Plaintiff's contention that Defendant should be required to depose Mr. Goodrich in person in Portland is unavailing. Consistent with the Court's discussion above, Defendant may conduct the deposition of Mr. Goodrich in person in Portland, Maine or remotely by videoconference.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part Defendant's motion to amend the scheduling order. The Court amends the Scheduling Order as follows:

1. The deadline to complete discovery is extended to January 17, 2025.

2. The deadline to file a notice of intent to file a motion for summary judgment is extended to January 24, 2025.

3. The deadline to file dispositive motions and *Daubert* and *Kumho* motions is extended to February 7, 2025.

4. The case shall be ready for trial by March 3, 2025.

The Court denies Plaintiff's motion to compel the locations of the depositions of the parties' principals. Plaintiff may conduct Defendant's deposition in person in Oregon or

remotely by videoconference. Defendant may conduct the deposition of Mr. Goodrich in person in Portland, Maine or remotely by videoconference.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of November, 2024.